IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD C. ODOMS,

        Petitioner,

v.

BRANDON KELLY, Superintendent,
Oregon State Penitentiary,

        Respondent.

Case No. 6:18-cv-01122-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

Petitioner Donald C. Odoms ("Odoms") brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging the calculation of his good time release date and sentence expiration date by the Offender Information and Sentencing Computation (OISC) Unit of the Oregon Department of Corrections (ODOC). For the reasons set forth below, this Court DENIES Odoms' Habeas Petition (ECF No. 1) and DISMISSES this proceeding, with prejudice.

///

///

## BACKGROUND

In 1988, a jury convicted Odoms of kidnapping in the first degree, rape in the first degree, sodomy in the first degree, compelling prostitution, promoting prostitution, robbery in the third degree, operating a motor vehicle in violation of a habitual offender order, and felony driving while revoked. Resp't Exs. (ECF No. 20), Ex. 101 at 5. The trial court imposed the following sentences on the three most serious charges: Count One (kidnapping in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum; Count Two (rape in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum, consecutive to Count One; Count Three (sodomy in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum, concurrent to Count Two. *Id.* at 5-6. The trial court also imposed a ten-year indeterminate sentence on Count Four (compelling prostitution), to be served consecutive to Counts One and Two. *Id.* at 6. The remaining sentences were imposed to run concurrently with Count Four. *Id.* at 6-7.

On March 14, 1990, the Oregon Board of Parole and Post-Prison Supervision ("Board") issued Board Action Form ("BAF") 3, "unsumming" Odoms' consecutive prison term ranges, thereby giving him a prison term range of 180-260 months, based on its finding that "consecutive sentences are not appropriate penalties for the criminal offenses involved." Resp't Ex. 105 at 35. The Board listed Odoms' good time release date as July 22, 2035, and his sentence expiration date as November 19, 2058. *Id.* at 33-34.[1] On October 1, 2003, the Board issued BAF 11,

---

[1] Under Oregon law, OISC determines an offender's maximum and good time dates based on the sentences imposed by the trial court, and the Board determines the duration of incarceration, i.e., the prison term range. *Severy v. Bd. of Parole and Post-Prison Superv.*, 318 Or. 172, 176 (1993).

deferring Odoms' tentative parole release date. *Id.* at 38. The Board listed Odoms' good time release date as September 8, 2035, and his sentence expiration date as December 15, 2058. *Id.* at 37.

The Board released Odoms on parole in December 2007, and subsequently revoked his parole in 2013. *Id.* at 6-7, 55-56. In November 2014, Odoms wrote to the Board concerning the calculation of his sentence. In response, Board hearings specialist Kim Coons advised Odoms that he has "a total of 70 years in consecutive sentences" and that, although the Board may "treat" consecutive sentences as concurrent when it "unsums" prison term ranges, it does not have the "power to change the consecutive sentencing structure imposed by the court." Pet'r's Habeas Pet., Attach. 4. Coons also informed Odoms that when the Board issued BAF 3 in 1990, it was required to send a copy to ODOC. *Id.*

On October 26, 2015, Odoms filed a state petition for writ of mandamus seeking to compel OISC to correct his good time release date to September 25, 2008, and his sentence expiration date to May 25, 2010. Resp't Ex. 102 at 2. Odoms argued that the Board unsummed his consecutive sentences in BAF 3 and therefore his good time release date and sentence expiration date must be calculated to reflect the Board's decision to treat his sentences as concurrent. *See* Resp't Ex. 107. The state argued that mandamus relief was not warranted because the Board's action had no impact on Odoms' court-imposed consecutive sentences, and mandamus relief is barred by laches because Odoms was aware in 1990 that "his Good Time Date and Matrix Expiration Date . . . were nowhere close to the . . . dates that he now alleges they should be." Resp't Ex. 112 at 2. The state trial court denied mandamus relief. Resp't Ex. 115. Odoms appealed, raising a single assignment of error premised on state law:

> OISC continues to maintain in Relator-Appellant's record the Offender Goodtime Date and Expiration Date of the consecutive sentences imposed by the sentencing court. OISC is obligated by law to enter into Relator-Appellant's record and thereby cause to appear on the Board Action Form and the Institution Facesheet the Offender Goodtime Date and the Matrix Expiration Date of the primary offense, thus reflecting the concurrent nature of his sentence created by the action of the Board of Parole.

Resp't Ex. 118 at 8.

The Oregon Court of Appeals affirmed the denial of mandamus relief without opinion. *Odoms v. Offender Info. and Sentencing Computation Ctr.*, 289 Or. App. 851 (2018). Odoms filed a petition for review in the Oregon Supreme Court arguing for the first time that OISC's failure to record "the concurrent nature of his sentences created by the action of the Board of Parole" violated his right to due process under the Fourteenth Amendment to the U.S. Constitution. Resp't Ex. 121 at 8, 14-15. The Oregon Supreme Court denied review. 362 Or. 860 (2018).

## DISCUSSION

Odoms' habeas petition contains two grounds for relief. First, Odoms alleges that OISC was obligated to enter his good time release date of February 14, 2017, and his sentence expiration date of January 2, 2019, into the "Board Action Form record" based on the Board's "unstaking [his] consecutive sentences imposed by the sentencing court." Pet'r's Habeas Pet. at 2. Odoms argues that he is "being held past the Discharge Date established by the [Board], in violation of his right to due process" and to be free from cruel and unusual punishment. *Id.*,

Attach. 1 at 9-10.[2] In his second ground for relief, Odoms alleges that the state court erred in dismissing his mandamus petition as untimely. *Id.* at 4.

Respondent argues that this Court should deny habeas relief because (1) Odoms' habeas petition is untimely; (2) he procedurally defaulted his available state remedies; (3) he does not allege a constitutional violation; and (4) the state court's rejection of any constitutional claims is entitled to deference. For the reasons set forth below, this Court agrees.

I.  **Untimeliness**

Odoms' habeas petition is untimely. Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to all § 2254 petitions, including those challenging a state administrative decision. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). When a habeas petitioner challenges an administrative decision affecting the fact or duration of his confinement, the limitation period begins to run from the date the factual predicate of the habeas claim could have been discovered through the exercise of due diligence. *Mardesich*, 668 F.3d at 1172, *citing* 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *Hasan v. Galaza*, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001).

Odoms' habeas petition is untimely because the one-year limitations period began in 1990, when the Board issued BAF 3 unsumming his prison term ranges, but listing his good time

---

[2] Odoms raises similar claims in *Odoms v. Kelly*, 6:19-cv-0070-IM, that the Court also denies on this date.

release date as July 22, 2035, and his sentence expiration date as November 19, 2058. At that point, Odoms was aware of the predicate facts underlying his habeas claims, i.e., that the Board's action in unsumming his prison term ranges was not reflected in his good time and sentence expiration dates. The commencement of the limitations period was not delayed by the fact that Odoms purportedly did not understand until 2014 that OISC, rather than the Board, is responsible for calculating his sentence. *See* Pet'r's Br. in Supp. (ECF No. 34) at 5. Odoms could have discovered that fact far sooner than 2014 through the exercise of due diligence. Accordingly, this Court denies habeas relief on both of Odoms' grounds for relief because they are time barred.

## II. Procedural Default of Available State Remedies

Odoms also procedurally defaulted his available state remedies as to the constitutional claims raised in ground one. Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). "[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (internal quotation omitted); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that a petitioner must fairly present his claim to each appropriate state court). The presentation of a federal claim "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons" for doing so does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Casey*, 386 F.3d at 917.

A claim that was not, and can no longer be, presented fairly in state court is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner is barred from raising procedurally defaulted claims in federal court unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Odoms procedurally defaulted his due process claim because he raised it for the first and only time in his petition for discretionary review to the Oregon Supreme Court. He therefore raised the claim in a procedural context in which it would not be considered absent special circumstances. *See Casey*, 386 F.3d at 917 (holding that the petitioner did not fairly present his federal claims by raising them for the first and only time in a petition for discretionary review by the state supreme court); *Castille*, 489 U.S. at 351 (holding that a claim remains unexhausted when it is raised for the first time on discretionary review to the state's highest court); *see also* OR. R. APP. P. 9.20(2) (providing that reviewable questions before the Oregon Supreme Court include all questions *properly before the Court of Appeals*). Further, Odoms procedurally defaulted his Eighth Amendment claim by failing to raise it at any stage of the state court proceeding. The time for doing so has expired.

Odoms has not demonstrated any basis to excuse his procedural default. Accordingly, habeas relief is precluded as to Odoms' due process and Eighth Amendment claims set forth in ground one.

///

///

### III. The Merits

In addition to being untimely and procedurally defaulted, Odoms' grounds for relief do not warrant habeas relief for the reasons set forth below.

#### A. Ground One (Due Process/Cruel and Unusual Punishment)

Odoms alleges that OISC violated his right to due process and to be free from cruel and unusual punishment by refusing to treat his sentences as concurrent when calculating his good time release date and sentence expiration date. Pet'r's Habeas Pet. at 3 & Attach. 1 at 9-10. Odoms argues that "[t]he Oregon Legislature intended for a board order 'unsumming' prison terms to change the unsummed sentences from consecutive to concurrent." Pet'r's Br. in Supp. at 7. In *Severy*, however, the Oregon Supreme Court rejected this argument, explaining that the Board is not authorized to unsum consecutive sentences, but instead is limited to unsumming "*terms of imprisonment set by the Board* pursuant to the ranges established for the offenses." *Severy*, 318 Or. at 179 (emphasis in original). Odoms argues that *Severy* was decided incorrectly by the Oregon Supreme Court. Pet'r's Br. in Supp. at 8-9.

It is well settled that this Court must defer to a state court's construction of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Consequently, because the Oregon Supreme Court has held that the Board's decision to unsum a prisoner's prison term ranges does not impact the consecutive nature of the sentences, Odoms has failed to demonstrate that OISC's calculation of his good time release date and sentence expiration date violates his constitutional rights. *See Wrenn v. Nooth*, No. 6:09-cv-00703-TC, 2011 WL 5999263, at *2 (D. Or. Nov. 7, 2011) (deferring to the Oregon Supreme Court's holding in *Severy*), *adopted* 2011 WL 5999336 (D. Or. Nov. 28, 2011). Accordingly, the state

court's rejection of Odoms' constitutional claims is neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

### B. Ground Two (State Law Claim)

Odoms alleges in ground two that the state court erred in dismissing his mandamus petition as untimely. Pet'r's Habeas Pet. at 4. This ground does not raise a constitutional claim and therefore habeas relief is not warranted. *See* 28 U.S.C. § 2254(a) (providing that a habeas court shall entertain a habeas petition filed by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States); *Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2012) (holding that "[i]t is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States; errors of state law will not suffice").

## CONCLUSION

Based on the foregoing, this Court DENIES Odoms' Habeas Petition (ECF No. 1) and DISMISSES this proceeding, with prejudice. This Court DENIES a certificate of appealability because reasonable jurists would not find it debatable whether the Court is correct in its procedural rulings and Odoms has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this  2nd  day of April, 2020.

                                                                                   _____
                                                                                   Karim J. Immergut
                                                                                   United States District Judge